CRICHTON, J.,
dissents and assigns reasons.
hi respectfully dissent from the majority’s imposition of discipline in this case because I find it to be unduly lenient under the facts presented. First, I disagree with the majority that “there does appear to be little actual financial harm to Ms. Jones.” Assuming there is tort liability on the part of the negligent motorcyclist, the client could have obtained a judgment against him and collected on it for years to come. Specifically, the client could have obtained a garnishment of the alleged tort-feasor’s future wages, seized his bank accounts, or utilized any other means provided by law. However, the case against the alleged tortfeasor has now prescribed, and thus, through no fault of her own, the client is forever barred from recovery.
Furthermore, both the alleged tortfea-sor and the attorney in this matter have escaped civil justice: as noted above, the *994 action against the alleged tortfeasor has prescribed, and as a result of this attorney’s repeated lies to her client, barring any fraud exception, any legal malpractice claim may be subject to peremption.
. ' Most importantly, however — and though the parties stipulated to an aggravating factor of the “vulnerability of the victim”— I believe the Disciplinary Board and a majority of this Court have failed to afford that factor the weight that it deserves. This client’s three year-old child was | tragically killed by this alleged tortfeasor, and that client placed her trust and faith in the lawyer, only to be further victimized by the lawyer’s negligence, misrepresentations, and potentially. fraudulent conduct. As a result, a, grieving parent has been denied justice and needed closure.
For these reasons, in my view, the original recommendation by the hearing committee, suspension for one year and one day with no deferment period, is fully warranted.